UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TEARRE M. WILLIAMS,

                Plaintiff,

-against-

KELLY MURAN, ADA; JUDGE N. ROSS, Manhattan Supreme Part-Tap-A; STEVEN HOFFNER ESQ.,

                Defendants.

22-CV-3008 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated April 13, 2022, the Court directed Plaintiff to submit a completed prisoner authorization or pay the $402.00 in fees required to file a civil action in federal court. For the reasons set forth below, the Court directs Plaintiff, within 30 days of the date of this order, to submit an amended *in forma pauperis* ("IFP") application and a signed signature page of the complaint.

## DISCUSSION

**A.    Amended IFP Application**

At the time Plaintiff filed this action, he was detained at Rikers Island as a prisoner.[1] (*See* ECF 2, at 2) (listing as his address, Rikers Island). Although Plaintiff submitted an IFP application, he did not file a prisoner authorization. Accordingly, the Court issued the April 13, 2022, order, directing him to file the authorization. The Court has learned, however, from a filing in one of his other pending actions in this court, *see Williams v. Clott*, No. 21-CV-4207 (KPF), where he provides a non-custodial address, that Plaintiff is no longer in custody.

---

[1] A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915A(c).

As Plaintiff is no longer in custody, "'there is no prison account from which to calculate and debit the required [installment] payments'" required under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1). *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) (quoting *McGann v. Commissioner*, 96 F.3d 28, 29-30 (2d Cir. 1996)).

> Thus, the PLRA's payment scheme cannot be extended beyond the moment of a prisoner's release, and [Section] 1915(b) must be read to require that once a prisoner is no longer incarcerated, either he pay the entire remaining amount of the filing fee or his obligation to pay fees is determined as it would be for any non-prisoner.

*Id.* (citing *McGann*, 96 F.3d at 30). As the PLRA's "payment regime . . . end[s] once a prisoner [is] released[,] . . . [r]equiring a just-released prisoner to pay the entire balance of the fee in a single payment is 'a result that would be more onerous than that imposed on those who remain incarcerated.'" [2] *Id.* (*McGann*, 96 F.3d at 30).

Accordingly, the Court directs Plaintiff to submit the attached amended IFP application, so the Court may consider Plaintiff's current ability to pay the filing fees; in the alternative, if Plaintiff can now afford the filing fees, he must pay the $402.00 in fees. If Plaintiff submits the amended IFP application, it should be labeled with docket number 22-CV-3008 (LTS). If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

**B.     Original Signature**

Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed

---

[2] Other provisions of the PLRA *do* apply even though Plaintiff is no longer in custody, including the so-called "three strikes" provision delineated in 28 U.S.C. § 1915(g). *Harris*, 607 F.3d at 22 (holding that the "application of the PLRA's three strikes rule to released prisoners is fully consistent with the statutory scheme, and it does not impose upon them any burden more onerous than the burden on those still incarcerated"). Thus, if this action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim, Section 1915(g) will apply. *See Harris*, 607 F.2d at 22.

by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

The Court directs Plaintiff to submit the signature page of the complaint with an original signature. A copy of the signature page is attached to this order.

## CONCLUSION

The Court directs Plaintiff, within 30 days of the date of this order, to submit an amended IFP application and a signed signature page of the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 31, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge