UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEARRE M. WILLIAMS,

                Plaintiff,

-against-

KELLY MURAN, ADA; JUDGE N. ROSS;
STEVEN HOFFNER, ESQ.,

                Defendants.

22-CV-3008 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, asserting claims arising from his New York County criminal proceedings. By order dated June 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint for failure to state a claim on which relief may be granted and because it seeks monetary relief against defendants who are immune from such relief.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] When Plaintiff filed this action, he was a prisoner within the meaning of 28 U.S.C. § 1915A(c) ("[A]ny person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program."). As noted in the Court's May 31, 2022, order, the Prison Litigation Reform Act's ("PLRA") so-called "three strikes" provision, delineated in 28 U.S.C. § 1915(g), applies to this case. *See Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) (holding that the "application of the PLRA's three strikes rule to released prisoners is fully consistent with the statutory scheme, and it does not impose upon them any burden more onerous than the burden on those still incarcerated").

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this complaint asserting violations of his constitutional rights under the First, Fifth, Sixth, and Eighth Amendments during criminal proceedings in New York County, New York. He alleges that his rights were violated on four occasions, dating from June 8, 2020, to January 25, 2022, presumably during court appearances in his criminal case. He claims that he was denied the right to "due process" and "self-representation," as well as the right to a "grand jury," "fair bail," and "speedy trial." (ECF 2, at 3.) He brings these claims against Kelly Muran, an Assistant District Attorney; Judge Neil Ross, a state court judge for the New York Criminal Court for New York County; and Steven Hoffner, an attorney. As to his injuries, Plaintiff alleges that he "was slashed on my left temple of my head stabbed in my left rib, a broken hand, a broken left finger gang assaulted by police and inmates stomping my leg." (*Id.* at 4.) For relief, he seeks money damages, "immunity from my whole detain[ ]ment and immunity from civil that may be affil[i]ated with my false arrest." (*Id.*)

## DISCUSSION

**A.     Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against Defendant Muran, who the Court assumes prosecuted Plaintiff, are based on actions within the scope of this Defendant's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

B.   **Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff has not alleged any facts showing that Judge Ross, who the Court assumes presided over Plaintiff's criminal proceedings, acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Ross for "acts arising out of, or related to, individual cases before him," the judge is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Ross because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim

dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**C.     Private Party**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

Plaintiff names as a Defendant an attorney by the name of Steven Hoffner, but Plaintiff does not allege any specific facts regarding this Defendant's alleged involvement in any violation of Plaintiff's rights. The Court assumes, however, that Hoffner represented Plaintiff during Plaintiff's criminal proceedings. Accordingly, the Court concludes that this defendant, whether privately retained, court-appointed, or employed as a public defender, is a private party who does not work for any state or other government body. The Court therefore dismisses any

5

Section 1983 claim Plaintiff may be asserting against this Defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the Court concludes that the defects in Plaintiff's complaint cannot be cured with an amendment because he names Defendants who are immune from this lawsuit and who cannot be sued under Section 1983. Accordingly, the Court declines to grant Plaintiff leave to amend his complaint.[2]

### E. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting against Defendant Hoffner. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

---

[2] Plaintiff states that he suffered physical injuries "by police and inmates." (ECF 2, at 4.) The complaint does not suggest that these injuries were inflicted during Plaintiff's court appearances in the New York County Criminal Court. If Plaintiff seeks relief related to any assault he suffered, he must bring a new action naming defendants involved in such alleged conduct.

enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed. The claims against Kelly Muran are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i); *see Collazo*, 656 F. 3d at 134. The claims against Judge Ross are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i); *see Mills v. Fischer*, 645 F.3d at 177. The claims against Steven Hoffner are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 18, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge